UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | | |
|---|---|---|
| SHANNON SIZEMORE, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:05-CR-58 |
| | ) | No. 2:09-CV-253 |
| UNITED STATES OF AMERICA, | ) | |
|     Respondent. | ) | |
| | ) | |

## MEMORANDUM OPINION

Currently pending before the Court is the motion of the petitioner, Shannon Lynn Sizemore ("Sizemore" or "petitioner"), pursuant to 28 U.S.C. § 2255 to vacate, set aside and/or correct his sentence, [Doc. 86]. The government has now responded, [Doc. 105]. For the reasons which follow, the motion will be **GRANTED IN PART**, Sizemore's sentence will be **VACATED AND SET ASIDE**, and Sizemore will be resentenced.

### I. Procedural Background

Sizemore and codefendant, Christopher Kirkpatrick, were indicted in a two count indictment on June 14, 2005 by the federal grand jury, [Doc. 1]. Count One charged Sizemore with being a felon in possession of firearms in violation of 18 U.S.C. § 922(g)(1); Count Two charged both defendants with possession of stolen firearms in violation of 18 U.S.C. § 922(j). Sizemore promptly entered into a negotiated plea agreement with the government, agreeing to plead guilty to Count One of the indictment, [Doc. 23, 24]. The guilty plea was entered on August 22, 2005, [Doc. 34], sentencing was scheduled for December 5, 2005, and a presentence report ("PSR") was ordered, [Doc. 52].

Sizemore was advised at the change of plea hearing that he was subject to a statutory

maximum sentence of ten (10) years imprisonment, consistent with his plea agreement. The probation officer who prepared the PSR, however, determined that Sizemore was subject to a mandatory minimum of fifteen (15) years of imprisonment under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), based on an additional qualifying conviction previously unknown to the government or to defense counsel. The government advised petitioner in writing that, under these circumstances, it would not oppose the withdrawal of petitioner's guilty plea. After consulting with counsel, however, Sizemore chose not to withdraw his guilty plea and was subsequently sentenced to the mandatory minimum 180 month term of imprisonment, [Doc. 52, 54]. Sizemore did not file a direct appeal and the Court's judgment became final.

On October 30, 2006, petitioner filed a *pro se* motion for an extension of time to file a § 2255 motion, [Doc. 63], and the government responded in opposition, [Doc. 64]. The Magistrate Judge filed a report and recommendation, recommending that the motion be denied, [Doc. 65]. The Magistrate Judge's report and recommendation was adopted and the motion for extension of time denied on March 7, 2007, [Doc. 66]. There was no further activity in the case until the present § 2255 motion was filed on November 12, 2009. An amendment/supplement to the original § 2255 motion was filed on November 8, 2010, [Doc. 91]. A further supplement was filed on July 20, 2011, [Doc. 102].

**II.  Standard of Review**

This Court must vacate and set aside petitioner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, . . ." 28 U.S.C. §

2

2255. Under Rule 4 of the Governing Rules, the Court is to consider initially whether the face of the motion itself, together with the annexed exhibits and prior proceedings in the case, reveal the movant is not entitled to relief. If it plainly appears the movant is not entitled to relief, the court may summarily dismiss the § 2255 motion under Rule 4.

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States,* 285 F.2d 733, 735 (6th Cir. 1961). "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *O'Malley*, 285 F.2d at 735 (citations omitted). A motion that merely states general conclusions of law without substantiating allegations with facts is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson*, 940 F. Supp. 167, 171 (W.D. Tenn. 1996).

To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted) (§ 2254 case); *Clemmons v. Sowders*, 34 F. 3d 352, 354 (6th Cir. 1994). *See also United States v. Cappas*, 29 F.3d 1187, 1193 (7th Cir. 1994) (applying *Brecht* to a § 2255 motion). If the sentencing court lacked jurisdiction, then the conviction is void and must be set aside. *Williams v. United States*, 582 F. 2d 1039, 1041 (6th Cir.), *cert. denied*, 439 U.S. 988 (1978). To warrant relief for a non-constitutional error, petitioner must show a fundamental defect in the proceeding that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands of fair procedure. *Reed v. Farley*, 512 U.S. 339, 354 (1994); *Grant v. United States*, 72 F. 3d 503, 506 (6th Cir.), *cert. denied*, 517 U.S. 1200 (1996). In order to obtain collateral relief under § 2255, a

3

petitioner must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152 (1982).

**III.  Analysis**

In his original § 2255 motion, petitioner seeks relief pursuant to the United States Supreme Court's decision in *Chambers v. United States*, 555 U.S. 122 (2009), on the basis that his prior burglary and escape convictions no longer qualify as predicate offenses for ACCA purposes. In his first amendment/supplement, petitioner further alleges that he did not enter his guilty plea "knowingly, intentionally, and voluntarily," because he did not understand "the elements regarding the charges and sentencing enhancement of 18 U.S.C. § 922(g) & 924(e)." [Doc. 91 at 1].

The government first argues that all of petitioner's claims are precluded by the waiver of his § 2255 rights in his plea agreement. The Court agrees. The plea agreement contained the following provisions:

> 15. The defendant further agrees not to file a direct appeal or any motions or pleadings pursuant to 28 U.S.C. § 2255. Thus, the defendant knowingly, intentionally, and voluntarily waives his right to appeal and collaterally attack the plea or sentence in the instant case. The defendant understands that if the defendant files any such motion, he will have breached the plea agreement and the United States will then have the following options: (1) move to dismiss the motion, (2) be relieved of any obligations under the plea agreement or (3) both. the parties agree that the defendant retains his right to raise claims of ineffective assistance of counsel or prosecutorial misconduct.

[Doc. 23 at 5].

It is well settled that a defendant "may waive any right, even a constitutional right, by means of a plea agreement." *United States v. Calderon*, 388 F.3d 197, 199 (6th Cir. 2004) (citation and internal quotation marks omitted). Only challenges to the validity of the waiver itself will be

4

entertained on appeal. *See In re Acosta*, 480 F.3d 421, 422-23 (6th Cir. 2007); *United States v. Flowers*, 428 Fed. App'x 526, 530 (6th Cir. 2011) ("a waiver of appeal rights may be challenged on the grounds . . . of ineffective assistance of counsel; citing *Acosta*); *United States v. Atkinson*, 354 Fed. App'x 250, 252 (6th Cir. 2009) (stating that "[a] waiver of appeal rights may be challenged on the grounds that it was not knowing and voluntary, was not taken in compliance with Fed. R. Crim. P. 11, or was the product of ineffective assistance of counsel"), (citing *Acosta*), *cert denied*, __ U.S. __, 132 S.Ct. 332 (2011). Thus, an appeal waiver is enforceable if the defendant's waiver of his appellate rights was knowing and voluntary. *United States v. Fleming*, 239 F.3d 761, 764 (6th Cir. 2001) (stating that the "*sine qua non* of a valid waiver is that the defendant enter into the agreement knowingly and voluntarily"). Sizemore does not dispute that the waiver of appeal rights was knowing and voluntary or that the claims raised by him are outside the scope of the waiver.

Secondly, the government argues that petitioner's claims, except for his claim that his prior escape conviction is no longer a predicate offense for ACCA purposes, are untimely and barred by the applicable statute of limitations. Again, the Court agrees. The Antiterrorism and Effective Death Penalty Act ("ADEPA") establishes that federal prisoners have a one-year limitations period in which to file a habeas corpus petition. That period runs from one of four specified dates, the first of which is "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Generally, a conviction becomes final upon conclusion of direct review. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004) (citing *United States v. Cottage*, 307 F.3d 494, 498 (6th Cir. 2002)). Where, as here, a criminal defendant does not appeal to the Court of Appeals, "the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the Court of Appeals, even when no notice of appeal was filed." *Id*. at 427. That period

5

long ago expired and Sizemore suggests no basis for equitable tolling of the statute of limitations. As the government concedes, however, petitioner's claim based on *Chambers* is timely since it was filed within one year of that decision. *See* 28 U.S.C. § 2255(f)(3); *Jones v. United States*, 689 F.3d 621, 625 (6th Cir. 2012).

Even though timely, however, petitioner's claim that his prior felony escape conviction no longer qualifies as a violent felony under the ACCA is still barred by the waiver of his § 2255 rights in his plea agreement. In its response, however, the United States acknowledges that this claim has merit because, in light of *Chambers*, the United States can no longer establish that petitioner's prior escape conviction qualifies as a violent felony under the ACCA and affirmatively waives its reliance on the waiver provision of the plea agreement with respect to this claim. In light of the government's concession and its waiver of reliance on the § 2255 waiver of the plea agreement, the Court will **GRANT IN PART** peititoner's § 2255 motion with respect to petitioner's claim that his prior escape conviction no longer qualifies as a predicate offense under the ACCA, will **DENY** the petition as to the other grounds raised, will **VACATE** the Court's prior sentence and will order that Sizemore be resentenced.

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
